# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **ALLEN L. MCMURRAY** on behalf of himself and all other employees similarly situated | CIVIL ACTION NO.: |
| Plaintiff(s), | COLLECTIVE ACTION |
| v. | |
| **FORMEL D** | JURY TRIAL DEMANDED |
| Defendant. | |

## COLLECTIVE ACTION COMPLAINT

### Introduction

Formel D ("Formel") violated the Fair Labor Standards Act (FLSA) by failing to pay its technicians overtime for all hours worked. Accordingly, Allen L. McMurray ("Plaintiff" and "McMurray") brings this collective action to recover unpaid overtime wages owed to him and other similarly situated employees.

### Jurisdiction and Venue

1. This is a collective action brought under the Fair Labor Standards Act (F.L.S.A.) of 1938, as amended, 29 U.S.C. 201, *et seq.* Subject matter jurisdiction in this matter is invoked pursuant to 28 U.S.C. § 1331 because the Plaintiffs' claims raise a federal question.

2. Venue is proper in the Northern District of Alabama pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to these claims occurred within this judicial district, and because Formel regularly conducts business within this judicial district, and is thus subject to personal jurisdiction within this judicial district.

**Parties**

3. Plaintiff, Allen L. McMurray, is over the age of nineteen (19) and is employed with Formel as a Tech I. McMurray has expressly authorized the filing of this action. His consent to join this action is attached as Exhibit A.

4. McMurray and similarly situated employees are collectively referred to herein as Plaintiff(s).

5. Defendant Formel, is a global provider to the automotive and component supply industry. According to its website, Formel develops leading concepts and individual, scalable solutions for quality assurance and process optimization along the entire automotive value chain - from development to production through to aftersales.

6. At all material times, Formel has been an "employer", within the meaning of that term as defined in the FLSA at 29 U.S.C. § 203(d).

7. At all material times, Formel has been an "enterprise" within the meaning of that term as defined in the FLSA at 29 U.S.C. § 203(r).

8. Plaintiff McMurray was an "employee" of Defendant, as that term is defined in the FLSA at 29 U.S.C. § 203(e).

9. At all materials times, Technician positions with Defendant were not exempt from the provisions and protections of the FLSA.

**Factual Allegations For All Claims**

10. Formel serves top automotive manufacturing companies such as BMW, Mercedes-Benz, and numerous others. Formel does so by providing and developing leading concepts and

customized, scalable solutions for quality assurance and process optimization along the entire automotive value chain – from development to production through to after sales. With their services, Formel supports its customers by ensuring that vehicles and components are ready for the market and by implementing and optimizing service processes.

11.	Formel required McMurray and other similarly situated individuals to perform unpaid work in excess of forty hours per week without paying them overtime wages.

12.	Formel used a computerized system to keep track of the hours worked by the Plaintiff and the putative class he seeks to represent.  However, whenever employees complained of that their paycheck stubs did not reflect their overtime hours, Formel stated that they would fix the issue.  They have intentionally failed to do so.

13.	Formel willfully failed and refused to compensate employees designated Technician for all time worked in excess of forty-hours.  Formel has employed hundreds Technicians within the relevant time period.

14.	At all times relevant to the instant action, McMurray was an employee of Formel and he was classified as a non-exempt employee under the FLSA.  McMurray frequently worked over 40 hours per week. Fomel intentionally failed to compensate McMurray and the class he seeks to represent at a rate of one and one-half times his regular hourly rate in violation of the FLSA.

## Collective Action Allegations

15.	Plaintiff bring this FLSA lawsuit under 29 U.S.C. 201 et seq. as a collective action on behalf of himself and on behalf of a class of other current and former employees similarly situated pursuant to 29 U.S.C. § 216(b).  The opt-in class of similarly situated employees are as follows:

> All current and former Technicians employed by Formel, or other persons performing a service and/or production function on an hourly basis, who were not compensated for overtime work at an amount equaling one and one-half times the employee's regular rate of pay, while employed by Formel.

16. **Numerosity:** The Proposed Class is so numerous that joinder of all members is impracticable. Plaintiff is informed and believes, and on that basis alleges, that during the relevant time period, Defendant employed hundreds of people who satisfy the definition of the Proposed Class, to include all employees at its Alabama facility(ies) that are similarly situated with regard to Formel's intentional failure to compensate them for overtime work at an amount equaling one and one-half times the employee's regular rate of pay.

17. **Typicality:** The Plaintiff's claims are typical of the members of the Proposed Class. Plaintiff is informed and believes that the members of the Proposed Class, like him, routinely performed overtime for which they were not compensated during the Class Period. Plaintiff had the same duties and responsibilities as other Proposed Class members. Plaintiff was subject to Defendant's policy and practice of failing to pay overtime compensation.

18. **Superiority:** A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wages and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large corporate Defendant.

19. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the Proposed Class and he has retained counsel experienced in complex wage and hour class and collective action litigation as well as other class action litigation.

20. **Commonality:** Common questions of law and fact exist as to all members of the

Proposed Class and predominate over any question solely affecting individual members of the Proposed Class, including but not limited to:

    a.    whether the Plaintiff and the Proposed Class he seeks to represent are entitled to overtime compensation at the rate of one and one-half times their regular rate of pay under federal law; and,

    b.    whether Defendant's actions were willful and/or intentional.

## Violation of the Fair Labor Standards Act
## 29 U.S.C. § 201 *et seq.*

21.    The Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

22.    The Plaintiff and the class he seeks to represent are employees classified as non-exempt under the FLSA.

23.    The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay at which they are employed for all hours worked over forty hours per work week.

24.    Defendant's actions, policies and/or practices were in violation of the FLSA's overtime requirements by regularly and repeatedly failing to compensate Plaintiff and similarly situated individuals for time spent on work activities as described in this Complaint.

25.    As a direct and proximate result of the Defendant's unlawful conduct, Plaintiff and similarly situated individuals have suffered and will continue to suffer loss of income and other damages. Plaintiff and similarly situated individuals are entitled to liquidated damages and are also entitled to attorney's fees and costs incurred in connection with this claim.

26.    Defendant knew, or showed reckless disregard for the fact, that it failed to pay its

employees overtime for their hours worked in excess of forty(40) hours per week.

## Prayer For Relief

WHEREFORE, PLAINTIFF respectfully prays that this Court do the following:

1. Certify the FLSA claim as a collective action under 29 U.S.C. § 216 and direct notice to all eligible class members, including individual notice to all members who can be identified by reasonable effort on the part of Defendant Formel D;

2. Issue a declaratory judgment that Defendant Formel D has engaged in unlawful employment practices in violation of the FLSA with respect to PLAINTIFF and all similarly situated members of the class she seeks to represent;

4. Require Defendant Formel D to pay PLAINTIFF and all eligible members of the class who elect to participate in this action through proper written notice with the Court damages for lost overtime compensation calculated at one and one-half times the proper normal rate that PLAINTIFF and such class members would have received but for unlawful conduct going back three (3) years from the date this lawsuit was originally filed;

5. Require Defendant Formel D to pay the PLAINTIFF and all eligible members of the class who elect to participate in this action liquidated damages as provided for under the Fair Labor Standards Act;

6. Issue an order directing Defendant Formel to properly pay its employees overtime under the FLSA in the future;

7. Award PLAINTIFF and all similarly situated members of the class she seeks to represent pre-judgment interest, and her reasonable attorneys' fees and costs and expenses of suit;

8. Permit a trial by jury on all issues so triable; and

9.       Provide such other and further relief as the Court may deem just and proper.

## Demand For Jury Trial

Plaintiff hereby demands a jury trial on all claims for which he has a right to a jury.

                                           Respectfully submitted,

                                           /s/Roderick T. Cooks
                                           Roderick T. Cooks
                                           Lee D. Winston
                                           Charity Gilchrist-Davis

**OF COUNSEL:**
Roderick T. Cooks, Esq.
WINSTON COOKS, LLC
The TLC Financial Center
505 20th Street North, Suite 815
Birmingham, Alabama 35203
Telephone: (205) 502-0940
rcooks@winstoncooks.com

Charity M. Davis, Esq.
LAW OFFICE OF GILCHRIST DAVIS, LLC
The TLC Financial Center
505 20th Street North, Suite 815
Birmingham, Alabama 35203
Telephone: (205)581-8812
charity@gilchristdavis.com

**DEFENDANT'S ADDRESS:**
FORMEL D
c/o UNISEARCH, INC.
2 N JACKSON ST., SUITE# 605
MONTGOMERY, AL 36104