# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ALLEN L. McMURRAY, on behalf of himself and all other similarly situated, ) ) ) ) | |
| Plaintiff(s), ) | CIVIL ACTION NO.: |
| ) | |
| v. ) | 2:19-CV-00548-AMM |
| ) | |
| FORMEL D, ) ) | |
| Defendant. ) ) | |

## UNOPPOSED MOTION FOR APPROVAL OF SETTLEMENT AND SUPPORTING MEMORANDUM OF LAW

Subject to the Court's approval, Plaintiff, Allen McMurray and the remaining opt-in Plaintiffs (collectively "Plaintiffs") and Defendant, Formel D USA, Inc. ("Defendant" or "Formel D") have reached an agreement to resolve wage and hour claims as set forth in the Settlement Agreement and Release ("Settlement Agreement"). Plaintiffs request that the Court enter an Order approving the Settlement Agreement and dismissing the case in its entirety with prejudice, with each Party to bear their own costs. Formel D does not oppose this Motion. The parties have submitted to the Court the Settlement Agreement for *in camera* review.

As grounds for the Court's approval of the Settlement Agreement, Plaintiffs state as follows:

**I. Background Facts**

1. On April 9, 2019, Plaintiff McMurray filed an FLSA collective action complaint in the United States District Court for the Northern District of Alabama on behalf of himself and other similarly situated individuals. (Doc. 1.)

2. Following service of the Complaint, on June 8, 2019, Plaintiff McMurray filed a Motion for Conditional Class Certification and Judicial Notice and a Memorandum of Law in Support of Certification. (Doc. 5 and 5-1.)

3. Also on June 8, 2019, Hayes Broom, Jr., Mary Dussett, Homer Fuller, Jonathin Green, Naomi Harrell, Antonio Rodgers, and Tommy Williams filed opt-in forms. (Docs. 6-12.)

4. On October 10, 2019, the Court granted Plaintiff's Motion for Conditional Class Certification and authorized notice to putative opt-in plaintiffs. (Doc. 35.)

5. Forty-four individuals returned opt-in forms. Of those forty-four, eighteen have since been dismissed. (Doc. 100, 134, 168.)

6. The Parties engaged in extensive discovery in this matter. Defendant produced thousands of pages of documents, including Plaintiffs' pay and time records. Both sides took a significant number of depositions as reflected by the

deposition transcripts filed in support of and opposition to Defendant's motion for decertification.

7. After discovery, on April 28, 2021, Formel D moved to decertify the conditionally certified class, and the Court denied that motion on March 30, 2022. (Doc. 171.)

8. On May 19, 2022, Formel D moved for summary judgment, and on June 13, 2022, Plaintiffs opposed that motion. (Doc. 177, 188.)

9. On June 28, 2022, the Parties participated in a day long mediation with Magistrate Judge Staci Cornelius. Thereafter, counsel for the Parties continued their negotiation and ultimately reached an agreement to resolve the litigation.

**II.     Summary of the Settlement Terms**

10. Pursuant to the Settlement Agreement, Formel D will pay the Total Settlement Amount to resolve wage and hour claims described in the Settlement Agreement. The Total Settlement Amount covers payments to (1) Plaintiffs who were not previously dismissed; (2) Court-approved service award for McMurray; and (3) Court-approved attorneys' fees and costs. The Settlement Agreement also resolves the fees awarded in favor of Formel D and against opt-in plaintiffs who have been dismissed with prejudice from this litigation. (Doc. 108, 119, 134, 135, 150, 151.)

11. The Settlement Payments to each Plaintiff is based on the the number of months worked during the relevant statutory period. [See Ex. A, Attached to the Settlement Agreement.] For tax purposes, 50% of each Settlement Payment will constitute back wage income and 50% will constitute liquidated damages. If a Plaintiff does not deposit the Settlement Payment within 180 days, such payment shall be null and void, but Formel D will retain such payment for an additional 180 days so that the Plaintiff can claim it. If that Plaintiff does not contact Formel D for purposes of claiming that check during the second 180 day period, such funds shall belong to Formel D.

12. The Settlement Agreement releases Plaintiffs' Fair Labor Standard Act claims asserted in the Action, including claims for attorneys' fees and costs, and any other claims that Plaintiffs could have asserted against Formel D for unpaid hours worked or overtime.

13. In recognition of his service to the opt-in Plaintiffs, the Settlement Agreement provides that McMurray may seek from the Total Settlement Payment a service award in an amount not to exceed $3,000. If such payment is approved by the Court, McMurray is obligated to execute a separate release that releases additional employment related claims and includes a no-rehire provision, among other non-monetary terms.

14. The Settlement Agreement further provides that Plaintiffs' counsel may seek from the Total Settlement Payment reasonable attorneys' fees and out-of-pocket costs and expenses not to exceed $122,000.

15. Formel D also releases any claim for attorneys' fees and costs that it has against opt-in plaintiffs who were dismissed with prejudice before the Effective Date of this Settlement Agreement as reflected in Docs. 108, 119, 134, 135, 150, and 151.

## MEMORANDUM OF LAW

Under the FLSA, binding settlements of back wage and liquidated damage claims are permitted when the court enters a stipulated judgment upon determining that a settlement proposed by an employer and employee is a fair and reasonable resolution of a bona fide dispute. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); *see also Silva v. Miller*, 307 Fed.Appx. 349, 351 (11th Cir. 2009). In detailing the reasons for court approval, the Eleventh Circuit has reasoned as follows:

> [s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. *If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of*

*back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.*

*Lynn's Food Stores* at 1354 (emphasis supplied).

### A.     The Settlement Agreement is "Fair and Reasonable."

As explained in the Background Facts section, the Parties litigated this matter for more than three years and settled after discovery, decertification briefing, substantial briefing on Formel D's summary judgment motion, and a full day mediation with a Magistrate Judge.

Through discovery, Plaintiffs and their counsel had access to and reviewed Formel D's time and pay records. Considering those time and pay records and Plaintiffs' testimony regarding their hours worked, Plaintiffs developed a damage model based on the number of months worked by each Plaintiff. Using that damage model, Plaintiffs negotiated at arms length and reached the Settlement Agreement which provides recovery to each Plaintiff based on the number of months that they worked during the statutory period.

Plaintiffs' counsel in this matter are experienced wage and hour attorneys as reflected by Plaintiffs' counsel's declaration. Formel D is represented by Ogletree, Deakins, Nash, Smoak & Stewart, P.C., a leading labor and employment law firm.

The Settlement Agreement is the product of an arm's-length negotiation that took place over the course of the litigation, involving in-person mediation sessions (initially, with Fern Singer and later with Magistrate Cornelius), and several telephone conferences after the second mediation.

B. **The Settlement Agreement Reflects the Resolution of a Bona Fide Dispute Between the Parties.**

There exists a bona fide dispute between the Parties as to the FLSA liability, the claimed hours worked by Plaintiffs, the appropriate rate of pay associated with the claimed hours allegedly worked by Plaintiff, and Defendant's compliance with the FLSA. Specifically, Defendant contends it paid Plaintiffs properly for all hours worked, and therefore no additional compensation is due to Plaintiffs.

Plaintiffs' claimed that the Defendant's payroll system systematically under compensated them by not properly recording their overtime hours worked and their shift differential pay. Plaintiffs' claims were that the Defendant's payroll system(s) erroneously cut hours and shift differential pay from the Plaintiffs' pay checks. The Plaintiffs' allege that this flaw or error in the Defendant's payroll system affected all workers in the class in the same way across the board.  Defendant denies Plaintiffs' claims and denies that its payroll system undercompensated Plaintiffs.

C. **The Service Award Is Reasonable.**

Lead Plaintiff McMurray is due to receive a service award for his diligence in assisting in the prosecution of this case to include serving as a liaison between Plaintiffs' Counsel and hard to find opt-ins, encouraging opt-ins to show up for their depositions, providing Plaintiffs' Counsel with insight into Formel D's failure to pay overtime, attending two mediations, and otherwise actively pursuing his rights and the rights of others.

**D.  Plaintiffs' Request for Attorneys' Fees and Costs is Reasonable.**

Plaintiffs' Counsel are seeking $122,000.00 in fees and expenses in this case. This represents $107,000.00 in attorneys' fees and $15,000.00 in filing fees, deposition costs, copying and postage costs.  In reviewing the docket sheet in this matter and the numerous discovery motions and other pleadings, it is plain to see that Plaintiffs' Counsel has expended time and resources well in excess of what is claimed in the motion for preliminary approval.  Plaintiffs' Counsel, among other things, filed a motion for conditional certification, attended two mediations, undertook two-plus years of discovery where almost thirty depositions were taken, responded to numerous discovery motions, reviewed thousands of pages of pay records and employee files, responded to a motion for decertification, assisted with preparation of joint pretrial order.

This is not a case where Plaintiffs' Counsel's fees and expenses dwarf the recovery of the Class members to such a degree that it appears unconscionable on its face. WC Attorney Rod Cooks and Charity Davis of the Law Firm of Gilchrist-Davis were recently awarded $400.00 and $325.00 per hour, respectively, in a single plaintiff discrimination case. [Case 2:17-cv-01671-RDP Document 36]. Clearly, if the Court required the firms to tabulate each hour expended here it would well exceed the amount requested in attorneys' fees. Thus, the fee request is fair and reasonable given counsels' years of experience, competent advocacy, and success in this case as well as the market rate for similar litigation.

## Conclusion

For the foregoing reasons, Plaintiffs request that the Court enter an Order approving the Settlement Agreement and dismissing this action in its entirety with prejudice, with each party to bear their own costs. Formel D does not oppose this Motion.

Respectfully submitted this **14th** day of July 2022.

/s/ Roderick T. Cooks
Roderick T. Cooks
WINSTON COOKS, LLC
Two 20th Street North, Suite 1330
Birmingham, AL 35203
205-502-0970

Fax: 205-278-5876
rcooks@winstoncooks.com

Lee David Winston
WINSTON COOKS, LLC
505 20th Street North, Suite 815
Birmingham, AL 35203
205-502-0940
Fax: 205-278-5876
lwinston@winstoncooks.com

Charity Gilchrist-Davis
LAW OFFICE OF GILCHRIST-DAVIS LLC
The TLC Financial Center
505 20th Street North, Suite 815
Birmingham, AL 35203
cgdavis@gilchristdavis.com

**Attorney for Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that on July **14th**, 2022, I electronically filed the foregoing *Joint Motion for Approval of Settlement and Stipulation of Facts and Supporting Memorandum of Law* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Josh C. Harrison
Ogletree, Deakins, Nash,
Smoak & Stewart, P.C.
420 20th Street North, Suite 1900
Birmingham, AL 35203-3212
Telephone: (205) 328-1900
Facsimile: (205) 328-6000
josh.harrison@ogletreedeakins.com

10

Thomas A. Bright (pro hac vice)
Ogletree, Deakins, Nash,
Smoak & Stewart, P.C.
300 North Main Street, Suite 500
Greenville, SC 29601
Telephone: (864) 271-1300
Facsimile: (864) 235-8806
thomas.bright@ogletreedeakins.com


Stephen E. Giles (pro hac vice)
Employers Law SC, LLC
47 Green Street
P. O. Box 1094
Simpsonville, SC 29681
Telephone: (864) 918-2614
steve.giles@employerslawsc.com

***Attorneys for Defendant Formel D***

        /s/ Roderick T. Cooks
        Of Counsel