# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **ALLEN L. MCMURRAY** on behalf of himself and all other employees similarly situated | |
| | CIVIL ACTION NO.: |
| Plaintiff(s), | COLLECTIVE ACTION |
| v. | 2:19-cv-00548-AMM |
| **FORMEL D** | |
| Defendant. | |

## RENEWED MOTION TO APPROVE SETTLEMENT AGREEMENT

On July 14, 2022, Named Plaintiff, Allen L. McMurray, filed an Unopposed Motion for Approval of Settlement and Supporting Memorandum of Law. [Doc.#200]. Named Plaintiff McMurray and the remaining opt-in Plaintiffs (collectively "Plaintiffs") and Defendant, Formel D USA, Inc. ("Defendant" or "Formel D") had reached an agreement to resolve wage and hour claims as set forth in a Settlement Agreement and Release ("Settlement Agreement"). Plaintiffs requested that the Court enter an Order approving the Settlement Agreement and dismissing the case in its entirety with prejudice, with each Party to bear their own costs. The above-described settlement was motivated in part by Plaintiffs' desire to avoid the risks, uncertainties, time and expense associated with further litigation.

On August 29, 2022, this Court entered an Order denying the Motion for Settlement for the following reasons: (1) filing the settlement documents under seal; (2) absence of signatures on the settlement agreement; (3) revised calculations that include liquidated damages; (4) reasonableness of attorneys' fees and costs; (5) justification for service award and general release agreement; and, (6) discrepancies in opt-in calculation table. The Plaintiff will address each of these concerns in turn.

## I.   Filing the Settlement Documents Under Seal

Because the overwhelming majority of district courts, including the Northern District of Alabama, have concluded that filing under seal, seeking approval *in camera*, and confidentiality agreements are generally inconsistent with the FLSA and because there is no exception here to the general presumption that such documents should be granted public access, the unredacted settlement agreements are attached to this filing. *Guerra v. Flores,* 139 F.Supp.3d 1288, 1292-93 (N.D.Ala. 2015).

## II.   Absence of Signatures

Twenty-six of the twenty-seven remaining Plaintiffs have executed the settlement agreement. Despite great effort, including, but not limited to, searches using Intelius, the Federal Bureau of Prisons, Jefferson County Sheriff's Department, and the Alabama Department of Corrections websites, Undersigned counsel has not been able to contact absent Plaintiff, Hayes E. Broom. Plaintiffs submit the

twenty-six signed settlement agreements with the instant pleading. [Ex. 1-Twenty-Six Signed Settlement Agreements].

## III. Liquidated Damages

A bona fide dispute exists between Plaintiffs and Defendant in this case regarding Plaintiffs' claim for unpaid overtime wages under FLSA and the alleged damages associated with same. Defendant has asserted various defenses, including that Plaintiffs were paid for all hours worked overtime during their employment, as evidenced by Plaintiffs' disputed time-sheets and other documentary evidence. Moreover, some Plaintiffs signed releases stating that they had been paid all monies owed them by the Defendant. [See Doc.#185-2, pgs. 2-33]. Thus, the settlement arrived at was motivated in large part by the Plaintiffs' desire to avoid the risks, uncertainties, time and expense associated with further litigation.

The parties negotiated the settlement based on months worked and calculated an amount from those based on the pool of money allocated for the class. Undersigned counsel then decided that 50% of the negotiated sum should be deemed wages and 50% liquidated damages.

## IV. Reasonableness of Plaintiffs' Attorneys' Fees and Costs

Plaintiffs' attorneys Roderick T. Cooks, Charity Gilchrist-Davis, and Lee Winston collectively expended 701.70 hours prosecuting the Plaintiffs' claims. The

3

teams' hours are noted in the invoice attached to this pleading. [See Ex. 2-Invoice]. Plaintiffs counsel defended and/or took over twenty-five depositions, responded to forty plus sets of discovery, reviewed thousands of documents, responded to numerous non-dispositive motions, filed a motion for conditional certification, responded to a motion to decertify, attended multiple conferences with the Court and responded to a motion for summary judgment. Plaintiffs' attorneys have not included in their invoice the hundreds of emails exchanged between the parties, the numerous telephone and video-conferences between the parties, client calls and meetings, and a claim for compensation for the time spent litigating the issue of a reasonable fee, i.e., for time spent on the fee application.

Plaintiffs' attorneys bill out at the following rates: Roderick T. Cooks $400.00 per hour (twenty-three year practitioner); Charity Gilchrist-Davis $325.00 per hour (fourteen-year practitioner) and Lee Winston $425.00 (thirty-year practitioner). A true and correct statement prepared by the undersigned counsel of hours spent in representing the Plaintiffs, is attached as to this pleading. [See Ex. 2-Invoice]. Had undersigned counsel charged Plaintiffs at the abovementioned hourly rates for all services rendered with respect to this matter, Plaintiffs would have owed $317,381.25 in attorneys' fees. [See Ex. 2-Invoice].

In addition to the recovery for attorneys' fees, Plaintiffs' counsel advanced all

the costs of litigation associated with this representation. During the course of investigating and litigating all of Plaintiff's claims, undersigned counsel advanced a in excess of $10,601.36 in litigation costs. Undersigned counsel is attaching a true and correct set of receipts representing the litigations costs for which receipts can be located. [See, Ex. 2-Invoice]. There are postage costs, copying costs, and litigation expenses for which, due to the length of the litigation and other factors, receipts are not available.

Furthermore, Plaintiffs have indicated that they have no objections to the total amount of attorneys' fees and litigation costs requested by the undersigned counsel. [See Ex. 1-Twenty-Six Signed Settlement Agreements]. This should weigh heavily in favor of this Court approving the proposed allocation.

## V. Service Award and General Release Agreement

The recent Denial of Re-Hearing En Banc in *Johnson v. NPAS Solutions LLC,* 43 F.4th 1138 (11th Cir. August 4, 2022) prohibits any additional payments to a class member for serving in a representative capacity. Whether the new ban applies to representative payments in FLSA context actions was not clearly discussed. The dissent from the Denial of Re-Hearing En Banc cogently explains how the appellate panel got off track by reinvigorating prior Supreme Court decisions from two centuries ago in *Trustees v. Greenough,* 105 U.S. 527, 26 L.Ed. 1157 (1881); *Cent.*

*R.R. & Banking Co. v. Pettus,* 113 U.S. 116, 5 S.Ct. 387, 28 L.Ed. 915 (1885). The dissent explained that the discussion was restricted to Rule 23 representative actions, not FLSA actions. "I use "collective actions" to refer generally to actions brought by a representative plaintiff or plaintiffs who makes claims on behalf of other similarly situated individuals against the same defendant or defendants, rather than specifically to the mechanism provided to employees under the Fair Labor Standards Act. See 29 U.S.C. § 216(b) ("An action to recover ... may be maintained against any employer ... by any one or more employees for *and in behalf of himself or themselves and other employees similarly situated."). Johnson v. NPAS Solutions,* at 1145, f.n. 10 (C.A.11 (Fla.), 2022).

There is a labor v. capital distinction between Mr. Greenlough and Mr. McMurray. "The plaintiff in Greenough was a bondholder …" *Johnson* at 1142. Mr. McMurray is a laborer trying to capture unpaid overtime wages for himself and others while Mr. Greenlough sought to protect his investment for himself and others. At the time of the *Greenlough* decision, there was no Fair Labor Standards Act of 1938. However, *Turner v. Rosen Hotels and Resorts, Inc.,* 2022 WL 3046834, at *6 (M.D.Fla., 2022) concludes that the newly discovered incentive payment ban includes FLSA cases. "Because the Eleventh Circuit did not attribute significance to *Greenough* not being a class action, no reason appears why this Court should attribute

6

significance to this action being a collective action, and not a class action. See *Poblano v. Russell Cellular Inc.,* 543 F. Supp. 3d 1293, 1295 n.1 (M.D. Fla. 2021) (declining to approve FLSA collective settlement agreement due to service awards to named plaintiffs and rejecting argument that Johnson is distinguishable as a class action compared to a FLSA collective action: "The reasoning ... is equally, if not more, compelling for the Court to conclude that it applies to collective actions brought under the FLSA."). Instead, it appears that under *Johnson*, the relevant analysis is whether the payments are truly for Named Plaintiffs' time and to reward them for bringing this litigation. See *Johnson*, 975 F.3d at 1260.

Although the FLSA contemplates an opt-in scenario, the reality of this case and many FLSA cases certain individuals do spend time and energy trying to re-coup back wages on behalf of themselves and others. For example, McMurray spent many hours assisting counsel and spent an additional time in participating in mediations. Whether divining Supreme Court decisions, as the dissent from the dissent from the Denial of Re-Hearing En Banc notes, from the late 1800's which pre-date the Federal Rule of Civil Procedure 23 (and the Fair Labor Standards Act) to ban payments to anyone serving in a representative capacity in this circuit is for the Supreme Court. "Given our failure to act, it will be up to the Supreme Court to overrule or clarify Greenough and Pettus to undo this problem of our making." *Johnson* at 1153.

The dangers of plucking old decisions from distant eras while ignoring the modern landscape and subsequent developments in the law was recently highlighted by Justice Breyer in New York fire-arms case. "Although I hope-fervently-that future courts will be able to identify historical analogues supporting the validity of regulations that address new technologies, I fear that it will often prove difficult to identify analogous technological and social problems from Medieval England, the founding era, or the time period in which the Fourteenth Amendment was ratified. Laws addressing repeating crossbows, launcegays, dirks, dagges, skeines, stilladers, and other ancient weapons will be of little help to courts confronting modern problems. *New York State Rifle & Pistol Association, Inc. v. Bruen,* 142 S.Ct. 2111, 2181 (U.S., 2022).

The responsibilities associated to collect unpaid legally required overtime as overtime did not exist in the days of *Greenlough* is an example of a decision being of little help to resolution of a modern issue. Counsel requests that approval of the agreement not be delayed and $3,000.00 for Mr. McMurray be placed in escrow pending further review, if any, and a decision by the United States Supreme Court of the 11th Circuit decision in *Johnson v. NPAS Solutions* or in the alternative if this is not a palatable option, the request for incentive payment is withdrawn.

District court cases in the Eleventh Circuit (including Alabama district courts) routinely refuse to approve FLSA settlement agreements that contain confidentiality and non-reemployment provisions. *Crabtree v. Volkert, Inc.,* 2013 WL 593500, at *4 (February 14, 2013 S.D.Ala..); *Parker v. Encore Rehabilitation, Inc.,* 2012 WL 6680311, at *4–5 (S.D.Ala. December 21, 2012); *Walker v. U.S. Title Loans, Inc .,* No. 2:10–cv–428–WC, 2011 WL 1789976 *2 (M.D.Ala. May 10, 2011); *Moreno v. Regions Bank,* 729 F.Supp.2d 1346, 1349-51 (M.D.Fla. 2010); *Dees v. Hydradry, Inc.,* 706 F.Supp.2d 1227, 1242 (M.D.Fla. 2010). However, even though such provisions are generally unenforceable, it does not preclude approval of a settlement agreement, if such provisions can be stricken from the agreement. See *McNair v. ASAP Towing & Storage Company,* 2020 WL 13120358 (M.D.Fla. 2020); *Lofton v. LL & J Concrete, Inc.,* 2017 WL 4861470, at *3 (M.D. Fla. Sept. 28, 2017) (report and recommendation adopted by 2017 WL 4810781 (M.D. Fla. Oct. 25, 2017)); see also *Brown v. Sea Dog Brewpub BV, LLC,* 2016 WL 7743030, at *4 (M.D. Fla. Dec. 29, 2016) (recommending approval of a settlement agreement after striking general release and confidentiality provision)). Here, the only Plaintiff subject to a non-reemployment provision is Mr. McMurray. Thus, undersigned counsel requests that the non-reemployment clause be stricken as they relate to him. [See Sec. 7.1.2 of Settlement Agreement]. Plaintiffs also request that any confidentiality provision

applicable to McMurray and the other Plaintiffs be stricken as well.

## VI. <u>Discrepancies in the Opt-In Calculations Table</u>

After further review and utilization of the Defendant's YEARFRAC computing program, undersigned counsel was able to detect the following errors which have been corrected: (1) splitting Mary Dussett's entry into two tenures, and (2) correcting the amount due Naomi Harrell. Undersigned counsel have re-calculated the previously submitted table to now more accurately reflect the Plaintiffs' awards. The Plaintiffs submit this table as Ex. 3.

                                      Respectfully submitted,

                                      /s/Roderick T. Cooks
                                    Lee D. Winston
                                    Roderick T. Cooks
                                    Charity Gilchrist-Davis
                                    Attorneys for the Plaintiffs

**OF COUNSEL:**
Roderick T. Cooks, Esq.
WINSTON COOKS, LLC
351 24th Street North
Box 122
Birmingham, Alabama 35203
Telephone: (205) 502-0940
rcooks@winstoncooks.com

Charity M. Davis, Esq.

LAW OFFICE OF GILCHRIST DAVIS, LLC
2 20th St N Ste 1310
Birmingham, AL, 35203-4021
Telephone: (205)581-8812
charity@gilchristdavis.com

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the foregoing document on all persons listed below by Electronic Mail and/or U.S. Mail and addressed to them as follows:

Josh C. Harrison
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
420 20th Street North
Suite 1900
Birmingham, AL 35203
Tel: 205-714-4414
Fax: 205-328-6000
josh.harrison@ogletree.com

    Done this the **28th** day of **September, 2022**.

                                                */s/Roderick T. Cooks*
                                                Of Counsel